HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL KOCH,<br><br>        Petitioner,<br><br>    v.<br><br>J. THOMAS et al,<br><br>        Respondents. | CASE NO. C14-5046 RBL<br>              CR05-5352RBL<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

THIS MATTER is before the Court on Petitioner Michael Koch's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. #53][1]. Koch was convicted of a murder that occurred on the Hoh Indian Reservation. Koch now claims that his sentence exceeded the guideline range in effect at the time of the offense. He also claims that this Court had no jurisdiction over his crime, which took place on a reservation over which the federal government had not accepted complete jurisdiction. Koch claims he is not a Native American, and that that fact somehow defeats this Court's jurisdiction over him. But he is a native, as a matter of law, and he was charged and

---

[1] Although this is a civil case, Koch's amended motion was misfiled as Dkt. 53 in case 05-cr-5352.

convicted as a native under the Major Crimes Act. Lastly, Koch claims that these jurisdictional issues were not caught due to ineffective assistance of counsel.

### I.     BACKGROUND

In 2003 Koch murdered Tawnya Tom while on the Hoh Indian Reservation. At the time of the crime, Koch had submitted, but not completed, an application to enroll in the Cowlitz Indian Tribe. Koch has native blood and is qualified for enrollment in that tribe. Because Koch was a native who committed murder on a reservation, the charges against him were brought in this court under the Major Crimes Act. 18 U.S.C. § 1153(a). Koch confessed and eventually pled guilty to second degree murder.

In 2005 Koch was sentenced to 240 months in prison, consistent with the possible sentences outlined in his plea agreement. Koch now seeks to have that sentence vacated. He claims that his sentence exceeded the sentencing guidelines at the time of the offense and, therefore, violated the ex post facto clause of the Constitution. Koch also claims that the United States' exercise of jurisdiction over him violated his Constitutional rights. Koch argues that this jurisdictional issue would have been raised earlier if he had had adequate legal counsel.

### II.     DISCUSSION

**A.     Koch's Sentence**

Koch argues that his sentence violated the ex post facto clause of the Constitution. Art. I § 9. This argument is without merit. Even though his sentence of 240 months was above the parole office's advisory sentencing range of 121-151 months, it was consistent with the plea agreement. Koch agreed in his plea to a sentencing range of 181-240 months. [Dkt. #41] He cannot contest the sentence to which he agreed. *U.S. v. Abarca*,

985 F.2d 1012 (9th Cir. 1993) (holding that a defendant cannot appeal a sentence in accordance with his plea agreement).

### B. Federal Jurisdiction

Koch's core argument is that the United States had no jurisdiction over his case because the federal government only has jurisdiction over native lands when a federal enclave is established. Koch argues that the Hoh Indian Reservation, where the offense was committed, was not a federal enclave at the time and, therefore, that the United States had no jurisdiction over his crime. This argument ignores the fact that Koch was charged and tried in this court under the Major Crimes Act, not because the Hoh Indian Reservation is a federal enclave. The Major Crimes Act grants jurisdiction over any Native who commits murder in Indian Country:

> *Any Indian who commits* against the person or property of another Indian or other person any of the following offenses, namely, *murder*, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, *shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.*

18 U.S.C. § 1153(a). Koch seems to argue that this does not apply to him because he was not yet formally enrolled in the Cowlitz (or any other) tribe. But Koch's status as a native does not depend on enrollment. All that is required is 1) sufficient native blood and 2) recognition as a native. *United States v. Bruce*, 394 F.3d 1215, 1223-24 (9th Cir. 2005). The record is clear that Koch had sufficient native blood to be enrolled in the Cowlitz tribe, and that he had "social recognition" as such through his residency and activities. Koch was properly tried as a native in federal court under the jurisdiction of the Major Crimes Act.

ORDER DENYING PETITIONER'S MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 3

### C. Ineffective Assistance of Counsel

Koch also argues that his counsel was ineffective because she allowed him to be tried in a court that had no jurisdiction over his offense. Because this Court clearly did have jurisdiction over Koch, his ineffective assistance of counsel claim is facially without merit.

### III. CONCLUSION

Koch's sentencing was within the agreed upon range, and this Court's assertion of jurisdiction over him was proper. Koch's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated this 27th day of June, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE